UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ROBERT TAYLOR, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

DHL EXPRESS (USA), INC.,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant DHL EXPRESS (USA), INC. ("**Defendant**" or "**DHL**"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby notices the removal of the above titled action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-21-019444 (the "**State Court Action**") to the United States District Court for the Southern District of Florida. In support, Defendant states as follows:

**I.**    **INTRODUCTION**

1. On October 25, 2021, Plaintiff Robert Taylor ("**Plaintiff**") filed his Class Action Complaint (the "**Complaint**") against Defendant in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, asserting a single cause of action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "**TCPA**"), a federal statute.

1

2. On November 2, 2021, Defendant was served with process. A true and correct copy of the Return/Affidavit of Service showing the date of service for Defendant is attached hereto as **Exhibit A**.

3. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, orders, all other papers or exhibits of any kind, and the docket in the State Court Action are attached hereto as **Composite Exhibit B**.

4. Defendant timely filed this Notice of Removal within thirty (30) days of the date of service of process.

5. Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because the Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States," and the TCPA is a federal statute. Thus, removal is proper. *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citations omitted).

6. Defendant is removing the State Court Action to the Southern District of Florida, Fort Lauderdale Division, because it is the venue "embracing the place where such action is pending," *i.e.*, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* 28 U.S.C. § 1441(a).

7. Concurrent with the filing of this Notice of Removal and in accordance with 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of its Notice of Removal with the Clerk

of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Defendant also served a copy on Plaintiff's counsel.

8. As set forth herein and below, Defendant has met and satisfied all procedural requirements for removal.

## II. NATURE OF THE CASE

9. In its Complaint in the State Court Action, Plaintiff asserts one claim, asserting a violation of the "Internal Do Not Call" provisions of the TCPA.

10. Specifically, Plaintiff alleges that on or about March 29, 2021, Defendant "began sending unsolicited text messages to Plaintiff's cellular telephone number," and upon receipt of the first message, "Plaintiff responded with the word 'Stop' in an attempt to opt-out of any further text message communications with Defendant." *See* Compl., ¶¶ 10-11. Plaintiff further asserts that "after sending his stop request," Defendant sent additional messages to Plaintiff. *Id.*, ¶ 13.

11. Plaintiff asserts that the facts alleged in the Complaint give rise to a violation of 47 C.F.R. § 64.1200(d) and 47 U.S.C. § 227(c)(5).

12. The Complaint further alleges that "Defendant's text messages and phone calls[1] caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion," and "inconvenienced Plaintiff and caused disruption to his daily life." *See* Compl., ¶ 26.

13. Plaintiff seeks, *inter alia*, to certify a class of persons who "were sent a text message or call from Defendant… after making a request to Defendant not to receive future text messages." *Id.*, ¶ 27.

---

[1] While Plaintiff purports to allege the receipt of phone calls from Defendant, no facts surrounding same are alleged.

**III.     LEGAL GROUNDS FOR REMOVAL**

14. Federal question jurisdiction exists here.

15. Plaintiff's Complaint is, on its face, brought pursuant to a federal statute and federal regulations, as it alleges violations of the TCPA and its concomitant regulations based on Defendants' purported failure to stop sending text messages and making calls to Plaintiff after he allegedly asked for them to stop.

16. Federal question jurisdiction is governed by the "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). "[T]he Court must look at the plaintiff's complaint at the time of removal." *Gables Ins. Recovery v. United Healthcare Ins. Co.,* 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013); *accord Herman v. Hartford Life & Acc. Ins. Co.*, No. 10-61661-CIV, 2011 WL 1458050, *2 (S.D. Fla. Apr. 15, 2011).

17. It is undisputed that the TCPA, a federal statute, creates Plaintiff's alleged claim. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 377 (2012).

18. As a result, Plaintiff's TCPA claim arises under the laws of the United States within the meaning of 28 U.S.C. §1331 and this Court has original jurisdiction pursuant to 28 U.S.C. §1331. *Id.* at 372.

19. Removal of this putative TCPA class action is proper, and this Court has jurisdiction pursuant to 28 U.S.C. §1441(a). *See Mims*, 565 U.S. at 386; *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012).

### IV. PRESERVATION OF RIGHTS

20. By virtue of this Notice of Removal and the Notice filed in the State Court Action, Defendant does not waive its rights to assert any defenses, including but not limited to, personal jurisdictional and venue defenses, the legal sufficiency of the claims alleged in the State Court Action, or any other motions including but not limited to, Rule 12 motions, motions to compel arbitration, or both, as otherwise permitted by the Federal Rules of Civil Procedure and/or governing law.

### V. CONCLUSION

WHEREFORE, Defendant DHL removes this action from the Seventeenth Judicial Circuit in and for Broward County, Florida, to this Court, and respectfully requests that this Court assume full jurisdiction over this case, action and all causes and defenses herein, as provided by law.

Dated: November 19, 2021.                    Respectfully submitted,

*/s/ Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy, Esq.
Florida Bar No. 91939
jeffrey.pertnoy@akerman.com
Alejandro J. Paz, Esq.
Florida Bar No. 1011728
alejandro.paz@akerman.com
**AKERMAN LLP**
Phone: (305) 374-5600
Fax: (305) 659-6313

*Counsel for Defendant*

60831252;1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2021, a true and correct copy of Defendant's Notice of Removal was served *via* e-mail upon Plaintiff's counsel of record in the State Court Action:

    Andrew Shamis, Esq. Ashamis@shamisgentile.com
    Garrett Berg, Esq. gberg@shamisgentile.com
    Scott Edelsberg, Esq. scott@edelsberglaw.com

                                              */s/ Jeffrey B. Pertnoy*
                                              Attorney

60831252;1