# EXHIBIT B

# Robert Taylor Plaintiff vs. DHL Express (USA), Inc. Defendant

**Broward County Case Number:** CACE21019444
**State Reporting Number:** 062021CA019444AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 10/25/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 18 Fahnestock, Fabienne E.

## Party(ies)  Total: 2

| Party Type | Party Name | Address | Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Taylor, Robert** | | ★ Shamis, Andrew J<br>Retained<br>Bar ID: 101754<br>14 NE 1st AVE<br>STE 705<br>Miami, FL 33132<br>**Status: Active** |
| Defendant | **DHL Express (USA), Inc.** | | |

## Disposition(s)  Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## Event(s) & Document(s)  Total: 5

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 11/08/2021 | **Summons Returned Served** | 2nd day of November, 2021<br>Party: *Defendant* DHL Express (USA), Inc. | 📄 | 2 |
| 10/25/2021 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 10/25/2021 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 10/25/2021 | **Complaint (eFiled)** | Party: *Plaintiff* Taylor, Robert | 📄 | 11 |
| 10/25/2021 | **eSummons Issuance** | Party: *Defendant* DHL Express (USA), Inc. | 📄 | 1 |

— Hearing(s)                                                                                          Total: 0

**There is no Disposition information available for this case.**

— Related Case(s)                                                                                     Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

ROBERT TAYLOR, individually and on behalf of all others similarly situated,

CLASS ACTION

*Plaintiff,*

JURY TRIAL DEMANDED

vs.

DHL EXPRESS (USA), INC.,

*Defendant.*

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO: DHL EXPRESS (USA), INC.
Attn: CT Corporation System- Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of __OCT 26 2021_____, 2021.

As Clerk of the Court

By: _____
As Deputy Clerk

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 10/25/2021 04:59:59 PM.****

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

ROBERT TAYLOR,
individually and on behalf of all others
similarly situated,

    Plaintiff,

vs.

DHL EXPRESS (USA), INC.,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Robert Taylor, brings this class action against Defendant DHL Express (USA), Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2. To promote its services, Defendant engages in unsolicited text messaging with no regard for consumers' rights under the TCPA.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of New London County, Connecticut, and the subscriber and user of the cellular telephone number 860-***-2321 (the "2321 Number").

5. Defendant is, and at all times relevant hereto was, an Ohio corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Broward County, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

6. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant's principal address is located in Broward County, Florida. Defendant initiated and directed or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida to consumers in violation of the TCPA.

8. Venue for this action is proper in this Court because Defendant's principal address is located within this judicial circuit.

9. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTS

10. Beginning on or about March 29, 2021, Defendant began sending unsolicited text messages to Plaintiff's cellular telephone number:



11. On or about March 29, 2021, Plaintiff responded with the word "Stop" in an attempt to opt-out of any further text message communications with Defendant.

12. Immediately after Plaintiff sent his stop request, Defendant, within seconds, responded with an automated opt-out confirmation text confirming that Plaintiff had opted out of future communications: "Thank you for having used DHL tracking service. We will STOP sending messages to you. If you need assistance call 1.800.225.5345".

13. Despite Plaintiff's use of standard opt-out language and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff further text messages offering its services on September 3, 2021, and September 9, 2021.

14. Defendant's use of automated, instantaneous opt-out confirmations show that Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

15. Defendant sent or caused to be sent the subject text messages from within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

16. The purpose of Defendant's text messages was to promote and solicit its delivery and package tracking services.

17. The website identified in the first message is owned and operated by Defendant, where Defendant advertises its services.

18. Defendant's texts and calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

19. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

20. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

21. At no point in time did Plaintiff provide Defendant with his express consent to be contacted.

22. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded "Stop" on March 29, 2021.

23. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial circuit.

24. Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

25. The text messages originated from telephone number 72524, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

26. Defendant's unsolicited text messages and phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

27. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message or call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

28. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

29. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United after they had revoked consent to be contacted. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

31. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   (a) Whether Defendant violated 47 C.F.R. § 64.1200(d);

   (b) Whether Defendant's conduct was knowing and willful;

   (c) Whether Defendant adhered to requests by class members to stop sending text messages and calls to their telephone numbers;

   (d) Whether Defendant keeps records of text and call recipients who revoked consent to receive texts and/or calls;

   (e) Whether Defendant has any written policies for maintaining an internal do not call list;

   (f) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

   (g) Whether Defendant is liable for damages, and the amount of such damages; and

   (h) Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services after the consumer had opted out of further communication is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(c)(2)
*Individually and on Behalf of the Internal Do Not Call Class*

37. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 36 as is fully set forth herein.

38. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

39. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to

> receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

40. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

41. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

42. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

43. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

44. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

45. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

46. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

47. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

48. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, prays for the following relief:

(a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b) An award of actual and statutory damages for Plaintiff and each member of the Class;

(c) An order declaring that Defendant's actions, set out above, violate the TCPA;

(d) An injunction requiring Defendant to cease all unsolicited text messaging and calling activity, and to otherwise protect the interests of the Class;

(e) Such further and other relief as the Court deems necessary

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: October 25, 2021

**Shamis & Gentile, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett O. Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

**Edelsberg Law, P.A.**
/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Class*

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Robert Taylor</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>DHL Express (USA), Inc.</u>
Defendant

II.   **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

III.   **TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 10/25/2021 04:59:59 PM.****

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
　　☐ Residential Evictions
　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.　**REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

V.　**NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

　1

VI.　**IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

VII.　**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

VIII.　**IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Angelica Gentile Gentile　　　　　　Fla. Bar # 102630
　　　　　　Attorney or party　　　　　　　　　　　　　(Bar # if attorney)

Angelica Gentile Gentile　　　　　　　　10/25/2021
(type or print name)　　　　　　　　　　Date

- 3 -

# RETURN OF SERVICE

State of Florida         County of Broward         Circuit Court

Case Number: CACE-21-019444 DIV:18

Plaintiff:
**ROBERT TAYLOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED**

vs.

Defendant:
**DHL EXPRESS (USA), INC.**

For:
Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1ST Avenue, Suite 400
Miami, FL 33132

Received by Global Process Services Corp on the 26th day of October, 2021 at 2:41 pm to be served on **DHL EXPRESS (USA), INC. ATTN: CT CORPORATION SYSTEM- REGISTERED AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Sandra Quinones, do hereby affirm that on the **2nd day of November, 2021** at **2:50 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Class Action Complaint** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **REGISTERED AGENT** for **DHL EXPRESS (USA), INC. ATTN: CT CORPORATION SYSTEM- REGISTERED AGENT**, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of eighteen, and that I have no interest in the above action. Per F.S.92.525(2) Under penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated in it are true.

Sandra Quinones
SPS #394

Global Process Services Corp
P.O. Box 961556
Miami, FL 33296
(786) 287-0606

Our Job Serial Number: GER-2021002347
Ref: S&G

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/08/2021 03:54:29 PM.****